**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:26-CV-64-JHM**

**DENNIS KEITH SIMS**                                                     **PETITIONER**

**v.**

**SHANNON BURTRUM, WARDEN**                                  **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Dennis Keith Sims filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DN 1] and paid the $5.00 filing fee.  The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Court will direct Petitioner to show cause why his petition should not be dismissed for failure to comply with the applicable statute of limitations.

**I.**

According to the petition, Petitioner was convicted in Casey County Circuit Court of two counts of child abuse.  He was sentenced to 20 years imprisonment.  He filed an appeal.  The Kentucky Supreme Court affirmed his conviction on August 22, 2024.  Petitioner represents that on August 17, 2025, he filed a *pro se* 42 U.S.C. § 1983 civil action in federal court against his defense attorney for ineffective assistance of counsel.  *See Sims v. Theodore H. Lavit & Associates*, No. 3:25-CV-553-JHM.  Petitioner's civil action was dismissed on January 7, 2026.

Petitioner filed the instant § 2254 petition on March 11, 2026.[1]  In his petition, he explains that he did not file his petition within a year of when the judgment became final because: "I filed the [ineffective assistance of counsel] law suit in Federal Court to get a new trial before the year was up.  I didn't know I couldn't do that.  I pray that will satisfy the statute of limitations."  [DN 1 at 13].

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts."  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, § 2254(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. "When a state prisoner exhausts the direct appeal process in the state courts but does not petition for a writ of certiorari, conclusion of direct appeal under [§ 2244(d)(1)(A)] occurs when the time for filing the petition for writ of certiorari with the Supreme Court of the United States expires." *Banks v. Ferguson*, No. 1:22-CV-00045-GNS-HBB, 2023 WL 11939287, at *2 (W.D. Ky. Apr. 25, 2023) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119–21 (2009)). In state criminal cases, "the time to file a petition for a writ of certiorari is 'prescribed by rules of the Supreme Court.'" *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) (quoting 28 U.S.C. § 2101(d)). "Rule 13.1 of the Rules of the Supreme Court of the United States indicates that a petition for writ of certiorari to review a state court judgment 'is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.'" *Banks*, 2023 WL 11939287, at *2.

Petitioner's final judgment occurred on August 22, 2024, the date the Kentucky Supreme Court issued a memorandum opinion affirming Petitioner's conviction. Following Rule 13.1, November 20, 2024, was the last day Petitioner could file a petition to the United States Supreme Court. Thus, the one-year period of limitations began to run on that date and concluded on November 20, 2025.

Because Petitioner did not file the instant § 2254 petition until four months later, on March 11, 2026, the action is time-barred unless there was "a properly filed application for State post-conviction or other collateral review" *pending* during that period.  28 U.S.C. § 2244(d)(2).

Here, Petitioner requests the Court to consider tolling the statute of limitations during his *pro se* § 1983 civil rights action he filed in federal court in August 2025 against his defense attorney for ineffective assistance of counsel.  *See Sims v. Theodore H. Lavit & Associates*, 3:25-CV-553-JHM.  Plaintiff argues that he "didn't know [he] couldn't do that."  The filing of a federal lawsuit under § 1983 does not toll the statute of limitations for habeas petitions.  *See, e.g.*, *Bonano v. Thompson*, No. 19-CV-6385-FPG, 2019 WL 6169934, at *1 (W.D.N.Y. Nov. 20, 2019); *Garner v. Thaler*, No. CA C-13-081, 2013 WL 1869988, at *3 (S.D. Tex. Apr. 8, 2013) (citing cases).

Furthermore, it is well-settled that a petitioner's *pro se* status and his lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing of the petition.  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (same); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *United States v. Aydelott*, 5:13CR-31-TBR, 2017 WL 5894226, *2–3 (W.D. Ky.

Nov. 29, 2017) (lack of knowledge of federal law does not excuse prompt filing). Therefore, ignorance of the law does not equitably toll the statute of limitations in this case.

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Here, Petitioner cites no other circumstances warranting equitable tolling.

However, before dismissing the action on statute-of-limitations grounds, the Court will provide Petitioner with an opportunity to respond. *See Day*, 547 U.S. at 210.

### III.

**IT IS THEREFORE ORDERED** that **no later than July 20, 2026**, Petitioner must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.

**Petitioner is WARNED that his failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date: June 18, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Petitioner, *pro se*
4414.014