**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:26-CV-64-JHM**

**DENNIS KEITH SIMS**                                                                                   **PETITIONER**

**v.**

**SHANNON BURTRUM, WARDEN**                                                          **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Dennis Keith Sims filed a *pro se* petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 [DN 1] and paid the $5.00 filing fee.  The Court reviewed the petition pursuant

to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon

review, the Court directed Sims to show cause why the petition should not be dismissed as barred

by the applicable one-year statute of limitations.  [DN 5].  Sims filed his response to the show

cause Order.  [DN 6].  In his response, Petitioner failed to redact the minors' names from various

exhibits and utilized their first name in his response.  Accordingly, **IT IS ORDERED** that **DN 6**

**and the exhibits** shall be **SEALED**.

**I.**

According to the petition, Petitioner was convicted in Casey County Circuit Court of two

counts of child abuse.  He was sentenced to 20 years' imprisonment.  He filed an appeal.  The

Kentucky Supreme Court affirmed his conviction on August 22, 2024.  Petitioner represents that

on August 17, 2025, he filed a *pro se* 42 U.S.C. § 1983 civil action in federal court against his

defense attorney for ineffective assistance of counsel.  *See Sims v. Theodore H. Lavit & Associates*,

No. 3:25-CV-553-JHM.  Petitioner's civil action was dismissed on January 7, 2026.

Petitioner filed the instant § 2254 petition on March 11, 2026.[1]  In his petition, he explains that he did not file his petition within a year of when the judgment became final because: "I filed the [ineffective assistance of counsel] law suit in Federal Court to get a new trial before the year was up.  I didn't know I couldn't do that.  I pray that will satisfy the statute of limitations." [DN 1 at 13].

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, § 2254(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. "When a state prisoner exhausts the direct appeal process in the state courts but does not petition for a writ of certiorari, conclusion of direct appeal under [§ 2244(d)(1)(A)] occurs when the time for filing the petition for writ of certiorari with the Supreme Court of the United States expires." *Banks v. Ferguson*, No. 1:22-CV-00045-GNS-HBB, 2023 WL 11939287, at *2 (W.D. Ky. Apr. 25, 2023) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119–21 (2009)). In state criminal cases, "the time to file a petition for a writ of certiorari is 'prescribed by rules of the Supreme Court.'" *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) (quoting 28 U.S.C. § 2101(d)). "Rule 13.1 of the Rules of the Supreme Court of the United States indicates that a petition for writ of certiorari to review a state court judgment 'is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.'" *Banks*, 2023 WL 11939287, at *2.

Following Rule 13.1, Petitioner's judgment became final on November 20, 2024, the last day Petitioner could file a petition for writ of certiorari to the United States Supreme Court. Thus, the one-year period of limitations began to run on that date and concluded on November 20, 2025. Because Petitioner did not file the instant § 2254 petition until four months later, on March 11,

2026, the action is time-barred unless there was "a properly filed application for State post-conviction or other collateral review" *pending* during that period.  28 U.S.C. § 2244(d)(2).

In his § 2254 petition, Petitioner requested the Court to consider tolling the statute of limitations during his *pro se* § 1983 civil rights action he filed in federal court in August 2025 against his defense attorney for ineffective assistance of counsel.  *See Sims v. Theodore H. Lavit & Associates*, 3:25-CV-553-JHM.  Petitioner argued that he "didn't know [he] couldn't do that."  As stated in the show cause Order, the filing of a federal lawsuit under § 1983 does not toll the statute of limitations for habeas petitions.  *See, e.g.*, *Bonano v. Thompson*, No. 19-CV-6385-FPG, 2019 WL 6169934, at *1 (W.D.N.Y. Nov. 20, 2019); *Garner v. Thaler*, No. CA C-13-081, 2013 WL 1869988, at *3 (S.D. Tex. Apr. 8, 2013) (citing cases).

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A claim of actual innocence may also justify equitable tolling in certain circumstances.  *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).  "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling."  *McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

It is well-settled that a petitioner's *pro se* status and his lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing of the petition. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (same); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *United States v. Aydelott*, 5:13CR-31-TBR, 2017 WL 5894226, *2–3 (W.D. Ky. Nov. 29, 2017) (lack of knowledge of federal law does not excuse prompt filing). Therefore, ignorance of the law does not equitably toll the statute of limitations in this case.

Before dismissing the action as time-barred, the Court provided Petitioner with an opportunity to show cause why he is entitled to equitable tolling. *See Day*, 547 U.S. at 210.

In Petitioner's response to the show cause Order, he argues that he is entitled to equitable tolling because he will be making a claim of actual innocence. [DN 6 at 1]. In support, Petitioner recites alleged errors that occurred in his trial because of incorrect legal decisions by the Court and the deficiency of his counsel's representation. Petitioner argues that his trial was not a trial of "partisan advocacy"; his attorney was not prepared to defend him and requested additional time to discuss the case with Petitioner; his attorney wanted him to take a plea; the Court prevented his attorney from discussing exculpatory evidence; the Court permitted the Commonwealth's

witnesses to make inconsistent statements; the Court permitted evidence produced by the Commonwealth after the deadline to be used as evidence in his trial; the Court denied him the opportunity to cross-examine witnesses because these witnesses were permitted to testify on closed-circuit television; and Petitioner's defense counsel provided ineffective assistance of counsel by failing to investigate his own file.

Petitioner also represents that the Cabinet for Health and Family Services investigated the allegations of sexual abuse and concluded "on pages 16 and 17, [that] the investigation [of the abuse was] unsubstantiated." [*Id.* at 4 (citing Exhibit A3-5)]. In support of this assertion, Petitioner attaches a portion of both the Cabinet for Health and Family Services Assessment, his appellate counsel's brief, and the Kentucky Supreme Court opinion affirming his conviction. *See* [DN 6-3, DN 6-5, DN 6-6 at 3, DN 6-12]. Plaintiff contends that a review of the record reveals that at trial, neither the prosecution nor the defense called the social workers from child protective services who investigated the original claim. Petitioner maintains that when defense counsel attempted to cross-examine the investigating officer regarding the report issued by the agency, the Commonwealth objected on the basis of hearsay. Petitioner asserts that the trial court sustained the objection finding that the investigating officer could not state that the social workers found the girls' allegations unsubstantiated and instructed defense counsel not to ask what the social worker said in her report. On appeal of this specific issue, the Kentucky Supreme Court held that Petitioner had not preserved his argument regarding the exclusion of this evidence, concluded that the trial court did not abuse its discretion in excluding the testimony, and found that defense counsel took issue only with the Commonwealth's decision not to call the social workers to testify. *See Sims v. Commonwealth*, 701 S.W.3d 313, 330 (Ky. 2024).

**III.**

Section 2244(d)(1)'s one-year limitation period can be overcome if a petitioner can prove his "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "'[A]ctual innocence means factual innocence, not mere legal insufficiency.'" *Coffey v. Krow*, No. 5:26-CV-00148-CHB, 2026 WL 1146891, at \*6 (E.D. Ky. Apr. 28, 2026) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). To prove actual innocence, a petitioner must put forth "new reliable evidence . . . that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), that "'persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Coffey*, 2026 WL 1146891, at \*6 (quoting *Schlup*, 513 U.S. at 324). In "the vast majority of cases, claims of actual innocence are rarely successful." *Schulp*, 513 U.S. at 324. To be successful, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324; *Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012); *Boyer v. Robey*, No. 1:22-CV-00061-JHM-HBB, 2023 WL 11823396, at \*4 (W.D. Ky. May 16, 2023), *report and recommendation adopted*, No. 1:22-CV-00061-JHM-HBB, 2023 WL 11823395 (W.D. Ky. July 6, 2023).

Here, Petitioner has not provided new evidence that would warrant application of the actual innocence equitable tolling. The Cabinet for Health and Family Services Assessment [DN 6-3] is not "new evidence" for purposes of the actual innocence exception. Instead, the assessment was available to counsel before Petitioner's trial. Since this evidence was available to Petitioner during his trial and direct appeal, it is not new evidence. *See Moore v. Woods*, No. 18-1356, 2018 WL 3089822, at \*3 (6th Cir. June 20, 2018) ("Because this affidavit was available to him at the time

of his direct appeal, it is not 'new' evidence for purposes of establishing his actual innocence.")
(quoting *McQuiggin*, 569 U.S. at 386).

Similarly, the additional exhibits and arguments submitted by Petitioner that purport to
demonstrate his actual innocence likewise fail. [DN 6]. He argues that certain evidence was
wrongfully suppressed from his trial, that his right to confront witness was violated, and that the
Court wrongfully permitted evidence produced by the Commonwealth after the deadline to be used
as evidence in his trial. It appears that many of these factual assertions were previously
considered—and rejected—on direct appeal. *See Sims v. Commonwealth*, 701 S.W.3d 313.
Accordingly, this evidence cannot be considered "new" under the *Schlup* standard. *See Krusley v.
Mazza*, No. 6:24-CV-00088-KKC-EBA, 2024 WL 5396225, at *3 (E.D. Ky. Nov. 6, 2024) (citing
*Guadarrama v. United States*, No. 16-6218, 2017 WL 3391683, at *3 (6th Cir. Feb. 13, 2017)
(finding no "new" evidence where petitioner argued that evidence presented at trial was
insufficient to meet the government's burden of proof); *Moore*, 2018 WL 3089822, at *3 (finding
no "new" evidence where petitioner presented evidence "available to him at the time of his direct
appeal").

Therefore, Petitioner has not provided this Court with "new evidence" and certainly no
evidence to persuade "the [Court] that . . . no juror, acting reasonably, would have voted to find
him guilty beyond a reasonable doubt." *Schulp*, 513 U.S. at 329. Accordingly, because he has
failed to show actual innocence, the Court concludes that this action is untimely and will dismiss
this action.

## IV.

An individual who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2254 and subsequently seeks appellate review must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court is satisfied that no jurists of reason would find debatable whether it is correct in its procedural ruling that the § 2254 petition is untimely. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: August 11, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Petitioner, *pro se*
4414.014

9